**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JENNIFER A. POTVIN,

               Plaintiff,                   CASE NO. 05-CV-70291

-vs-                                 PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

CITY OF WESTLAND POLICE
DEPARTMENT, et al.,

               Defendants.
_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF**
**CITIZEN COMPLAINTS OR PRIOR LAWSUITS INVOLVING DEFENDANTS;**
**(2) DENYING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE MEDICAL**
**RECORDS, OPINIONS, AND LAY TESTIMONY ON MEDICAL;**
**(3) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE**
**MOTIONS IN LIMINE AND RESPONSES TO DEFENDANTS' MOTIONS IN LIMINE;**
**(4) TAKING UNDER ADVISEMENT THE ISSUE OF THE INTRODUCTION OF THE**
**DEPOSITION TESTIMONY OF JASON CARRIERE;**
**(5) STRIKING PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT THE**
**INTRODUCTION OF THE GUILTY PLEA IN THE UNDERLYING CRIMINAL**
**MATTER; AND (6) STRIKING PLAINTIFF'S MOTION IN LIMINE TO STRIKE**
**DEFENDANTS' PURPORTED EXPERT JEFFREY MCFADDEN FROM THE**
**WITNESS LIST AND FROM TESTIFYING AT TRIAL**

Before the Court are Defendant Ken Percin, Paul White, James Francisco, and Stephen

Bird's (collectively "Defendants") May 24, 2007 Motions in Limine: (1) To Preclude Evidence

of Citizen Complaints or Prior Lawsuits Involving Defendants (Doc. No. 37); and (2) To

Preclude Medical Records, Opinions, and Lay Testimony on Medical (Doc. No. 38). On June 27,

2007, the day before the scheduled motion hearing, Plaintiff filed a Motion for Extension of

Time to File Motions in Limine and Responses (Doc. No. 39) and subsequently filed untimely

Motions in Limine (Doc. Nos. 41, 42, 43) and Responses (Doc. Nos. 40, 45). The Court held a

1

motion hearing on June 28, 2007, at which Plaintiff's counsel failed to appear.

Having considered the entire record, and for the reasons that follow and that were stated on the record, the Court GRANTS Defendants' Motion to Preclude Evidence of Citizen Complaints or Prior Lawsuits Involving Defendants, DENIES Defendants' Motion to Preclude Medical Records, Opinions, and Lay Testimony on Medical, and DENIES Plaintiff's Motion for Extension of Time to File Responses.

## I. BACKGROUND

The relevant facts and history of this case are recounted in this Court's November 7, 2006 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. *See Potvin v. City of Westland Police Dep't*, No. 05-70291, 2006 WL 3247116 (E.D. Mich. Nov. 7, 2006) (unpublished). In that Order, the Court ruled that Plaintiff's claims of excessive force under 42 U.S.C. § 1983, deliberate indifference, assault & battery, and intentional infliction of emotional distress could go forward against Defendants Percin, White, Francisco, and Bird.

On March 27, 2007, the Court entered an Amended Scheduling Order, establishing the following dates and deadlines:

| | |
|---|---|
| **Deadline for Filing Motions in Limine**: | May 24, 2007 |
| **Responses to Motions in Limine Due**: | June 7, 2007 |
| **Replies Due**: | June 14, 2007 |
| **Hearing on Motions in Limine**: | June 28, 2007, at 3:00 p.m. |
| **Jury Trial Begins**: | July 24, 2007, at 9:00 a.m. |

On May 24, 2007, Defendants filed two Motions in Limine. On June 27, 2007, the day before the scheduled motion hearing, Plaintiff filed a Motion to Extend Time to File Motions in Limine and Responses. In that motion, Plaintiff contended that there would be no prejudice to Defendants by filing tardy motions in limine and responses since "the [C]ourt has not yet to set a

date to hear oral arguments on the motions in limine." (Pl. Br. 2). Plaintiff's assertion was absolutely incorrect – the Court's Amended Scheduling Order set a date and time for the limine motion hearing – Thursday, June 28, 2007, at 3:00 p.m. Defendants filed a brief in response, later on June 27, 2007, in opposition to Plaintiff's request for an extension of time.

Later on June 27, 2007, Plaintiff filed Responses to Defendants' Motions and three Motions in Limine.

On June 28, 2007, the Court held its scheduled motion hearing. Defendants' counsel appeared. Plaintiff's counsel did not appear.

The Court made the following rulings on the record: (1) granted Defendants' Motion to Preclude Testimony of Prior Citizen Complaints or Lawsuits Involving Defendants; (2) denied Defendants' Motion to Preclude Medical Testimony; and (3) denied Plaintiff's motion for extension of time to file. The Court supplements its rulings on the record with the following analysis.

## II. ANALYSIS

### A. Defendants' Motion Concerning Citizen Complaints and Prior Lawsuits Involving Defendants

Defendants argue that the Court should exclude any potential evidence concerning citizen complaints or prior lawsuits involving Defendants in this case. Defendants contend that this evidence would be improper under Fed. R. Evid. 404(b), since Plaintiff is attempting to use this evidence to show that Defendants acted improperly by using excessive force on this occasion.

In her belated Response, Plaintiff admits that she is not attempting to use the prior lawsuit evidence to show propensity. Instead, she argues that she wishes to use the fact of the prior lawsuits as impeachment evidence against Defendant Bird. Plaintiff asserts that Defendant

Bird stated in his deposition that he could not recall if he had ever been a defendant in a prior lawsuit. Plaintiff maintains that through independent investigation, she discovered that Bird had been a defendant in a prior lawsuit, and wishes to use this fact to impeach Bird at trial.

In relevant part, Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Federal Rule of Evidence 608(b) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

The Court's evaluation of Rule 608(b) evidence is still subject to the balancing test of Rule 403. *Gale v. City of Tecumseh*, 156 Fed. Appx. 801, 808 n. 2 (6th Cir. Dec. 14, 2005) (unpublished).

Since there has been no showing that evidence of citizen complaints or prior lawsuits would be relevant "for other purposes," the Court holds that evidence of prior complaints or lawsuits against Defendant Bird is barred by Rule 404(b).

For the purposes of Rule 608(b), Plaintiff asserts that Bird stated at his deposition that he did not recall whether he was subject to a prior lawsuit. The Court finds that Bird's answer is not a denial, so Plaintiff's introduction of the fact of a prior lawsuit on cross-examination would not be probative of Bird's character for truthfulness or untruthfulness. Therefore, the Court holds

that this evidence is also inadmissible under Rules 403 and 608(b).

For these reasons, and for the reasons stated on the record, the Court GRANTS Defendants' motion.

### B.     Defendants' Motion Concerning Medical Records and Medical Opinion

Defendants argue that Plaintiff should not be able to testify about her injuries or otherwise introduce medical records evidence at trial, absent medical expert testimony. Defendants contend: (1) that Plaintiff's testimony about her injuries should be limited to Fed. R. Evid. 701; (2) that Plaintiff's medical records should be excluded, absent any supporting medical testimony, under Fed. R. Evid. 703, 704, and 705; and (3) that Plaintiff's statements in Dr. Klief's medical records are inadmissible hearsay under Fed. R. Evid. 802.

In her belated Response, Plaintiff argues that Dr. Gilbert R. Kleiff, her treating physician after her oral surgery, will testify as an expert on her injuries. After City of Westland police officers arrested Plaintiff the evening of June 14, 2004, they took her to Garden City Hospital, where it was diagnosed that she had suffered a broken jawbone. Plaintiff then underwent oral surgery on June 16, 2004. After the surgery, Plaintiff treated with Dr. Kleiff weekly until August 11, 2004, when he removed the appliances installed to facilitate Plaintiff's jaw healing. Plaintiff insists that she turned over a report from Dr. Kleiff to Defendant and has listed him to testify on her witness lists and the final pretrial order.

The United States Court of Appeals for the Sixth Circuit recently stated that treating physicians are not required to file expert reports under Fed. R. Civ. P. 26(a)(2)(B):

> The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement. A party might attempt to avoid Rule 26(a)(2)(B)'s requirement by having a treating physician testify on an issue instead of

having an expert do so. Some courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert report from that treating physician. Under this purposive reading of Rule 26, a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment.

*Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870-71 (6th Cir. 2007) (internal citations omitted).

Hence, Plaintiff's treating physician is qualified to testify on the "core issues" relating to Plaintiff's treatment. This includes both the medical records leading up to Plaintiff's treatment and including that treatment. However, medical opinions outside these "core issues," such as opining on causation of injuries in this case, would not be permissible since no expert report has been filed. *Id*. at 871.

Here, there is no dispute that Dr. Kleiff has the requisite "knowledge, skill, training, and experience" that would "assist the trier of fact to understand the evidence or to determine a fact in issue" under Rule 702 and *Daubert*. Plaintiff should be able to testify to her injuries, subject to the contours of Rule 701. Furthermore, Plaintiff can offer the testimony of Dr. Kleiff as her treating physician.

Therefore, for these reasons, and for the reasons stated on the record, the Court DENIES Defendants' motion.

### C.     Plaintiff's Motion for Extension of Time to File Motions in Limine and Responses

Plaintiff requests that the Court grant her an extension of time to file her motions in limine and responses because Plaintiff's counsel is a solo practitioner with a "heavy case load." Plaintiff filed this request over one month after the deadline for filing motions in limine, and

three weeks after the deadline for filing responses. Plaintiff further failed to appear at the motion hearing. Although Plaintiff's counsel admits in his brief that he was obviously aware of the Court's deadline for filing motions in limine (May 24, 2007), he obviously did not read the next line of the same scheduling order, where it states that the motion hearing was scheduled for June 28, 2007.

Federal Rule of Civil Procedure 16(b) states, in relevant part, that "[a] schedul[ing order] shall not be modified except upon a showing of good cause and by leave of the district judge." In addition to the "good cause" requirement, a district court must evaluate the potential prejudice in amending the scheduling order to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Here, Plaintiff has not shown "good cause" to modify the scheduling order. Plaintiff failed to file his motions and responses in a timely manner, filed a motion for an extension of time to file well-past the Court's deadlines, filed proposed motions and responses the day before the Court's motion hearing, and finally failed to appear at the scheduled motion hearing. Furthermore, the Court finds significant prejudice to Defendants in permitting Plaintiff to file these motions and responses on the eve of the hearing. A jury trial is set to begin in this case on July 24, 2007.

Accordingly, for these reasons, and for the reasons stated on the record, the Court DENIES Plaintiff's Motion for an Extension Time to File and STRIKES Plaintiff's Motions in Limine.

III.    CONCLUSION

The Court hereby:

(1)    **GRANTS** Defendants' Motion in Limine to Preclude Evidence of Citizen Complaints or Prior Lawsuits Involving Defendants (Doc. No. 37);

(2)    **DENIES** Defendants' Motion in Limine to Preclude Medical Records, Opinions, and Lay Testimony on Medical (Doc. No. 38);

(3)    **DENIES** Plaintiffs' Motion for Extension of Time to File Responses to Defendants' Motions in Limine (Doc. No. 39);

(4)    **TAKES UNDER ADVISEMENT** the Issue of the Introduction of the Deposition Testimony of Jason Carriere (Doc. No. 41);

(5)    **STRIKES** Plaintiff's Motion in Limine to Prohibit the Introduction of the Guilty Plea in the Underlying Criminal Matter (Doc. No. 42); and

(6)    **STRIKES** Plaintiff's Motion in Limine to Strike Defendants' Purported Expert Jeffrey McFadden from the Witness List and from Testifying at Trial (Doc. No. 43).

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 2, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 2, 2007.


s/Denise Goodine
Case Manager